# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re:

| | |
|---|---|
| **ANDREW T. AVERILL and**<br>**MICHELE M. CAPUANA-AVERILL,** | **BANKRUPTCY CASE**<br>**NO.: 8:15-bk-01575-CPM** |

     **Debtors.**                         **CHAPTER 7**
_____/

**STEPHEN L. MEININGER, as**
**Chapter 7 Trustee of the estate of**
**ANDREW T. AVERILL and**
**MICHELE M. CAPUANA-AVERILL,**

     **Plaintiff,**

**v.**                                        **ADVERSARY PROCEEDING**
                                             **NO.: 8:16-ap-00291-CPM**

**CAPITAL ACCOUNTS, LLC, a Tennessee**
**limited liability company,**
**and**
**BEVERLY H. BRIMACOMB, P.A., a Florida**
**professional association, d/b/a HIGHLAND**
**PET HOSPITAL,**

     **Defendants.**
_____/

## AMENDED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES[1]

     **COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy

estate of Andrew T. Averill and Michele M. Capuana-Averill, by and through the undersigned

law firm, and sues Defendants, Capital Accounts, LLC, a Tennessee limited liability company,

---

[1] Plaintiff files this Amended Complaint pursuant to FRCP 15(a)(1) because the pleading is one to which a response is required, but no response has been filed. As such, Plaintiff can amend "once as a matter of course" without leave of court and without defendant's consent. FRCP 15(a)(2) does not apply at this time.

and Beverly H. Brimacomb, P.A., a Florida professional association, d/b/a Highland Pet Hospital, and alleges as follows:

## PRELIMINARY STATEMENT

1.     On or about February 18, 2015 (the "Petition Date"), the Debtors, Andrew T. Averill and Michele M. Capuana-Averill, filed a petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

2.     On or about July 13, 2015, Debtors' Petition was converted to Chapter 7 of the Bankruptcy Code and is currently pending in this court.

3.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA").

## JURISDICTION AND VENUE

4.     The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

5.     Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Andrew T. Averill ("Mr. Averill" or "Debtor") and Michele M. Capuana-Averill ("Mrs. Averill," collectively with Mr. Averill, the "Averills" or "Debtors"). Averills are natural persons resident in the City of Lakeland, County of Polk, State of Florida,

where the causes of action arose, are "consumers," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and are "persons" under Fla. Stat. § 559.72.

6. Defendant, Capital Accounts, LLC, a Tennessee limited liability company, together with its collecting agents ("Capital Accounts"), doing business in the State of Florida, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" under Fla. Stat. § 559.72.

7. Defendant, Beverly H. Brimacomb, P.A., a Florida professional association, d/b/a Highland Pet Hospital, together with its collecting agents ("HPH" or collectively with Capital Accounts, "Defendants"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(5), and is a "person" under Fla. Stat. § 559.72.

8. All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendants were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was harassing, oppressive, abusive, and done knowingly with intent, with malice, and without cause.

9. The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtors' will in an attempt to break the Debtors and have Debtors pay amounts owed long after the Debtors were given all necessary information and persuasion and negotiation failed, as demonstrated by Debtors expressly communicating to the Defendants to stop calling Debtors.

10. The Defendants' communications set forth below are wholly without excuse.

11.     At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtors.

## FACTUAL ALLEGATIONS

12.     Debtors are alleged to owe debts (the "Alleged Debt"), including without limitation, debts which Defendants attempted to collect prior to Debtor filing for bankruptcy.

13.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on August 13, 2015.

14.     Defendants made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 (the "Collection Calls") to Debtors attempting to collect the Alleged Debt.

15.     It was the substance of the testimony of the Debtors, sworn and under oath at the 341 Hearing, that:

> a) HPH made two to three Collection Calls to Debtors each day, every day of the week.
>
> b) HPH made Collection Calls to Debtors after Debtors told HPH that Debtors could not pay the Alleged Debt.
>
> c) HPH made Collection Calls to Debtors after Debtors told HPH to stop calling Debtors regarding the Alleged Debt.

d) HPH made Collection Calls to Debtors, telling Debtors that HPH could keep calling, after Debtors told HPH to stop calling Debtors regarding the Alleged Debt.

e) HPH made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop HPH from calling.

f) Debtors retained counsel, Eva M. Donohue, Esq., in February 2015 to represent Debtors regarding the Alleged Debt.

g) HPH made Collection Calls to Debtors, after Debtors retained counsel, informed HPH of retained counsel, and provided counsel's contact information.

16.    Upon further inquiry after the 341 Hearing, Debtors stated:

a) HPH made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay HPH and that HPH would keep calling every day, all day long until Debtors paid HPH, after Debtors retained counsel, informed HPH of retained counsel, and provided counsel's contact information.

17.    Based upon information provided by HPH:

a) the Alleged Debt was assigned to Capital Accounts for collection on February 28, 2014.

18.    From February 28, 2014 through February 17, 2014, Capital Accounts made Collection Calls to Debtors as alleged above, identifying itself by the Alleged Debt originating with HPH.

19.     Defendants (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told Defendants that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendants to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Defendants could keep calling, after Debtors told Defendants to stop calling Debtors regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Defendants from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Defendants and that Defendants would keep calling every day, all day long until Debtors paid Defendants, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Defendants of retained counsel, and provided counsel's contact information.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO DEFENDANT CAPITAL ACCOUNTS

20.     This is an action against Capital Accounts for violations of 15 U.S.C. § 1692 *et seq*.

21.     Plaintiff re-alleges and reincorporates paragraphs 1 through 19, as if fully set forth here-in.

22.     Capital Accounts, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Debtor.

23.     The principal business of Capital Accounts is the collection of debts and Capital Accounts regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

24.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

26.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

27.     Capital Accounts violated 15 U.S.C. § 1692c(a)(1) when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told Capital Accounts that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Capital Accounts could keep calling, after Debtors told Capital Accounts to stop calling Debtors

regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Capital Accounts from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained counsel, and provided counsel's contact information; all of which is Capital Accounts communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

       28.      Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

       29.      Capital Accounts violated 15 U.S.C. § 1692c(a)(2) when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained counsel, and provided counsel's contact information; all of which is

Capital Accounts communicating with Debtor when Capital Accounts knew Debtor was represented by an attorney or could readily ascertain such information, in connection with the collection of the Alleged Debt.

30.    Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31.    Capital Accounts violated 15 U.S.C. § 1692d when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told Capital Accounts that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Capital Accounts could keep calling, after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Capital Accounts from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained counsel, and provided counsel's contact information; all of which is conduct by Capital Accounts

the natural consequence of which is to harass, oppress, or abuse Debtor in connection with the collection of the Alleged Debt.

32.     Section 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.     Capital Accounts violated 15 U.S.C. § 1692e when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told Capital Accounts that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Capital Accounts could keep calling, after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Capital Accounts from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained counsel, and provided counsel's contact information; all of which was use of false, deceptive, or misleading representation or means by Capital Accounts that Capital Accounts could collect the

Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

34.     Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

35.     Capital Accounts violated 15 U.S.C. § 1692f when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told Capital Accounts that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Capital Accounts could keep calling, after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Capital Accounts from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained counsel, and provided counsel's contact information; all of which is Capital Accounts using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

36.     As a result of Capital Accounts's violation of the FDCPA, Debtor have been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

37.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Capital Accounts has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT CAPITAL ACCOUNTS

38.     This is an action against Capital Accounts for violations of Fla. Stat. § 559.55 *et seq.*

39.     Plaintiff realleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

40.     Capital Accounts is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

41.     The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

42.     Capital Accounts communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

43.     Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44.     Capital Accounts violated Fla. Stat. § 559.72(7) when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told Capital Accounts that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Capital Accounts could keep calling, after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Capital Accounts from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained

counsel, and provided counsel's contact information; all of which is a willful communication with the Debtors with such frequency that Capital Accounts could reasonably expect such communication to harass Debtors, or which is a willful engagement by Capital Accounts in other conduct, which could reasonably be expected to abuse or harass Debtors.

45.    Fla. Stat. § 559.72 (8) provides, in pertinent part:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

46.    Capital Accounts violated Fla. Stat. § 559.72(8) when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop Capital Accounts from calling; which is Capital Accounts's use of profane, obscene, vulgar, or willfully abusive language in communicating with Debtor or any member of her or his family.

47.    Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

48.    Capital Accounts violated Fla. Stat. § 559.72(9), second half, when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to

Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told

Capital Accounts that Debtors could not pay the Alleged Debt; (4) made Collection Calls to

Debtors after Debtors told Capital Accounts to stop calling Debtors regarding the Alleged Debt;

(5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that Capital

Accounts could keep calling, after Debtors told Capital Accounts to stop calling Debtors

regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing,

laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop

Capital Accounts from calling; and (7) made Collection Calls to Debtors, telling Debtors that if

Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital

Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after

Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts

of retained counsel, and provided counsel's contact information; all of which is an assertion of

the existence of the legal right to attempt to collect the Alleged Debt, by unfair and deceptive

practices, which are rights Capital Accounts knows do not exist, in violation of the FCCPA

including Fla. Stat. § 559.72(9), second half.

    49.    Plaintiff is aware that this Court's interpretation of Fla. Stat. § 559.72(9) differs

from its own, but is including this allegation in order to preserve its appellate rights.

    50.    Fla. Stat. § 559.72 (18) provides, in pertinent part:

> In collecting consumer debts, no person shall:

> (18) Communicate with a debtor if the person knows that the debtor is represented
> by an attorney with respect to such debt and has knowledge of, or can readily
> ascertain, such attorney's name and address, unless the debtor's attorney fails to
> respond within 30 days to a communication from the person, unless the debtor's
> attorney consents to a direct communication with the debtor, or unless the debtor
> initiates the communication.

51.     Capital Accounts violated Fla. Stat. § 559.72(18) when Capital Accounts (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay Capital Accounts and that Capital Accounts would keep calling every day, all day long until Debtors paid Capital Accounts, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed Capital Accounts of retained counsel, and provided counsel's contact information; which is a communication with Debtors by Capital Accounts where Capital Accounts knew Debtors were represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

52.     As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Capital Accounts is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

53.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Capital Accounts as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

54.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Capital Accounts finding that Capital Accounts violated the FCCPA, awarding Plaintiff actual

damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

**COUNT III**

**VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT HPH**

55.      This is an action against HPH for violations of Fla. Stat. § 559.55 *et seq.*

56.      Plaintiff realleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

57.      HPH is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

58.      The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

59.      HPH communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

60.      Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

61.      HPH violated Fla. Stat. § 559.72(7) when HPH (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the

week; (3) made Collection Calls to Debtors after Debtors told HPH that Debtors could not pay

the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told HPH to stop calling

Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the

law, telling Debtors that HPH could keep calling, after Debtors told HPH to stop calling Debtors

regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing,

laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop HPH

from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford

an attorney then Debtors can afford to pay HPH and that HPH would keep calling every day, all

day long until Debtors paid HPH, after Debtors retained counsel, Eva M. Donohue, Esq., in

February 2015, informed HPH of retained counsel, and provided counsel's contact information;

all of which is a willful communication with the Debtors with such frequency that HPH could

reasonably expect such communication to harass Debtors, or which is a willful engagement by

HPH in other conduct, which could reasonably be expected to abuse or harass Debtors.

62.    Fla. Stat. § 559.72 (8) provides, in pertinent part:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

63.    HPH violated Fla. Stat. § 559.72(8) when HPH (1) made multiple Collection

Calls each day, on multiple days, in multiple weeks, over multiple months, including without

limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the

Alleged Debt; and (2) made Collection Calls to Debtors, using rude language, cursing, laughing,

and talking down to Debtors, telling Debtors that filing bankruptcy will not stop HPH from

calling; which is HPH's use of profane, obscene, vulgar, or willfully abusive language in communicating with Debtor or any member of her or his family.

64.     Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

65.     HPH violated Fla. Stat. § 559.72(9), second half, when HPH (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; (2) made two to three Collection Calls to Debtors each day, every day of the week; (3) made Collection Calls to Debtors after Debtors told HPH that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told HPH to stop calling Debtors regarding the Alleged Debt; (5) made Collection Calls to Debtors, misrepresenting the law, telling Debtors that HPH could keep calling, after Debtors told HPH to stop calling Debtors regarding the Alleged Debt; (6) made Collection Calls to Debtors, using rude language, cursing, laughing, and talking down to Debtors, telling Debtors that filing bankruptcy will not stop HPH from calling; and (7) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay HPH and that HPH would keep calling every day, all day long until Debtors paid HPH, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed HPH of retained counsel, and provided counsel's contact information; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, by unfair and deceptive practices, which are rights HPH knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

66.     Plaintiff is aware that this Court's interpretation of Fla. Stat. § 559.72(9) differs from its own, but is including this allegation in order to preserve its appellate rights.

67.     Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

68.     HPH violated Fla. Stat. § 559.72(18) when HPH (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from February 1, 2014 through February 17, 2015 to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors, telling Debtors that if Debtors can afford an attorney then Debtors can afford to pay HPH and that HPH would keep calling every day, all day long until Debtors paid HPH, after Debtors retained counsel, Eva M. Donohue, Esq., in February 2015, informed HPH of retained counsel, and provided counsel's contact information; which is a communication with Debtors by HPH where HPH knew Debtors were represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

69.     As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and HPH is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

70.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of HPH as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

71.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against HPH finding that HPH violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

Dated:  August 10, 2016

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
4950 W. Kennedy Blvd., Suite 320
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee