# United States Bankruptcy Court

## Middle District of Florida

In re  Andrew T. Averill and Michele M. Capuana-Averill  ,  )
                          Debtor                            )  Case No. **15-01575**
                                                            )
                                                            )  Chapter **7**
     Stephen L. Meininger                                ,  )
                          Plaintiff                         )
                                                            )
     v.                                                     )
     Capital Accounts, LLC                                ,  )  Adv. Proc. No. **16-00291**
                          Defendant                         )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

> Address of Clerk
> Sam M. Gibbons Federal Courthouse
> 801 N. Florida Ave., Ste. 555
> Tampa, FL 33602

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

> Name and Address of Plaintiff's Attorney
> Thomas A. Lash, Esq., Lash Wilcox & Grace PL
> 4950 W. Kennedy Blvd., Ste. 320
> Tampa, FL 33609

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

August 16, 2016

Lee Ann Bennett
*Clerk of the Bankruptcy Court*

By: *Deanna L. Berrier*
Deputy Clerk

## Rule 7001-1

### ADVERSARY PROCEEDINGS -- PROCEDURES

(a) *General.* This rule applies to all adversary proceedings and, if ordered by the Court, to contested matters. To the extent that the time periods set forth in this rule conflict with those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other Local Rules, this rule controls.

(b) *Service.* Plaintiff shall serve the summons issued by the Clerk, the complaint, and a copy of this rule within seven days after the summons is issued as required by Fed. R. Bankr. P. 7004(e). If the initial summons and accompanying papers are not timely served, plaintiff shall promptly request the issuance of an alias summons and serve the alias summons together with the complaint and a copy of this rule. Plaintiff must serve all defendants no later than 28 days after the complaint is filed. If an additional party is thereafter named as a plaintiff or a defendant, plaintiff shall serve a copy of this rule on each additional party within seven days of the date that the additional party is named.

(c) *Proof of Service.* Plaintiff shall promptly file a proof of service indicating the service of each summons, the complaint, and this rule on each defendant.

(d) *Failure to Effect Service.* If plaintiff does not complete timely and effective service of the summons and complaint, the Court may dismiss the adversary proceeding for lack of prosecution without further notice or hearing. If plaintiff requires additional time to effect service, plaintiff shall file a motion for extension of time.

(e) *Defaults.* If a defendant has not filed a timely response, plaintiff shall seek entry of a Clerk's default of that defendant and move for judgment by default no later than 60 days after the complaint is filed. If plaintiff requires additional time to apply for the entry of default or to move for judgment by default, plaintiff shall file a motion for extension of time.

(f) *Initial Disclosures.* Pursuant to Fed. R. Civ. P. 26(f), at or prior to the Meeting of Parties described below, and without any formal discovery requests, each party shall:

(1) identify in writing the name and, if known, the address and telephone number of each individual with discoverable information relevant to the disputed facts;

(2) provide copies of or a written description by category and location of all documents that are relevant to the disputed facts;

(3) provide a written computation of any damages claimed; and

(4) provide a copy of any insurance agreement that may be available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(g) **_Meeting of Parties._** At least 14 days prior to the initial status or pretrial conference, the attorneys for the parties or the parties, if not represented by an attorney, shall meet (the "Meeting of Parties") to discuss:

> (1) the parties' claims and defenses;
>
> (2) the possibility of settlement;
>
> (3) the initial disclosures required in subsection (f) above; and
>
> (4) a discovery plan as required by Fed. R. Civ. P. 26(f). Unless otherwise ordered by the Court, the parties may orally announce their discovery plan at the pretrial or status conference and need not file a written report.

(h) **_Pretrial or Status Conference._** The Court will conduct a status or pretrial conference at any time after a responsive pleading is filed but, in any event, approximately 90 days after the complaint is filed. The parties may not introduce testimony or documentary evidence at the status conference. The Court, however, may consider relevant undisputed facts, affidavits offered without objection from the opposing parties, judicial notice items, and admissions made during the status conference by parties either directly or through counsel.

(i) **_Discovery._**

> (1) **_General._** Parties should be familiar with the Local Rules regarding discovery, including Local Rules 7026-1, 7030-1, and 7037-1.
>
> (2) **_Commencement of Discovery._** Absent leave of Court, discovery may not commence until the conclusion of the Meeting of Parties.
>
> (3) **_Discovery Deadline._** Parties shall complete discovery no later than seven days before the trial date except that the parties may complete previously scheduled depositions up to the trial date.
>
> (4) **_Discovery Disputes._** If a discovery dispute occurs, the parties shall first, as required by Fed. R. Bankr. P. 7037(a)(1), confer in good faith to attempt to resolve the issues. If the parties are unable to resolve the dispute, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

(j) **Motions.**

(1) *Motions Shall Be Served Using the Court's Negative Notice Procedures.* All motions, except for the following types of motions, shall be filed and served using the negative notice procedures of Local Rule 2002-4:

(i) stipulated, joint, or consent motions;
(ii) motions for enlargement of time;
(iii) motions for continuance;
(iv) motions seeking emergency or expedited relief;
(v) motions for entry of default and for default judgment; and
(vi) motions for withdrawal of the reference governed by Local Rule 5011-1.

The negative notice legend shall provide for a 14-day response period, except for motions for summary judgment for which the response time shall be 21 days, unless otherwise ordered by the Court. The moving party may file a reply, if desired, no later than seven days after the response is filed.

(2) *Format.* All motions, responses, and replies shall comply with the Court's Style Guide posted on the Court's website, www.flmb.uscourts.gov. Papers shall be double spaced and, where appropriate, include a legal memorandum containing argument and citations of authorities. Absent leave of Court, motions and supporting memoranda shall not exceed ten pages in length.

(3) *Emergency Motions.* The Court will consider emergency motions at any time in its discretion. Emergency motions shall comply with Local Rule 9004-2(e) and shall be filed using the Emergency Filings/Matters/Motions link on the Court's website, www.flmb.uscourts.gov.

(4) *Motions to Determine Whether Case Is Core.* A party who objects to the entry of final orders or judgments by the Bankruptcy Court on any issue in the adversary proceeding shall, not later than the date set for filing a response to the complaint, file a motion requesting that the Court determine whether the proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this Court. A party who fails to file a motion on or before the date set for filing a response to the complaint shall be deemed to have consented to the Bankruptcy Court's entering final orders and judgments in the proceeding, subject only to appeal under 28 U.S.C. § 158.

(5) *Motions for Summary Judgment.* Motions for summary judgment shall be filed no later than 60 days prior to trial. The Court may or may not set a hearing on the motion for summary judgment. Absent order of the Court, the trial will proceed as scheduled even if a motion for summary judgment is pending.

(k) *Pretrial Disclosures of Witnesses and the Use of Depositions.* Fed. R. Civ. P. 26(a)(3) (except with respect to time limits) shall govern pretrial disclosures regarding witnesses and use of depositions. Parties shall file and exchange names, telephone numbers, and addresses

for witnesses, and any designations of depositions at least 28 days before trial. Objections to the use of depositions shall be filed within 14 days of the disclosure. Parties shall confer on any factual or evidentiary stipulations prior to trial.

 (l) ***Exhibits.***

  (1) ***Exhibits to be Filed and Exchanged via CM/ECF.*** Parties shall prepare exhibits in compliance with Local Rule 9070-1 and Administrative Order FLMB-2015-6 addressing Electronically Stored Exhibits and shall exchange exhibits no later than seven days before the date set for trial. Unless written objection to the admissibility of any exhibit is filed no later than the close of business on the second day before trial, any objection to admissibility (other than under Fed. R. Evid. 402 and 403) shall be deemed waived.

  (2) ***Self-Authentication of Records of Regularly Conducted Activity.*** A party who intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) or (12) to introduce into evidence records of regularly conducted activities under Fed. R. Evid. 803(6) shall, within least 28 days before trial, file with the Court and serve on other parties the written declaration required by Fed. R. Evid. 902(11) or (12) and a copy of all records sought to be admitted.

 (m) ***Expert Witness Testimony.*** Unless the Court orders otherwise, a party who wishes to offer expert testimony at trial shall comply with the requirements of Fed. R. Civ. P. 26(a)(2).

 (n) ***Stipulations.*** All stipulations of the parties shall be made in writing, signed, and promptly filed with the Court.

 (o) ***Supplementation of Disclosures.*** Parties are under a duty to supplement or correct their Initial Disclosures and their Pretrial Disclosures in accordance with Fed. R. Civ. P. 26(e).

 (p) ***Sanctions.*** Failure to comply with all requirements of this rule may result in the imposition of sanctions that could include the striking of a party's pleading or the denial of the right to introduce evidence or witness testimony.

 (q) ***Settlements.*** Pursuant to Local Rule 9019-1, parties shall immediately notify the Court of any settlement and promptly file and serve a motion to approve the compromise in the debtor's main case, not in the adversary proceeding. If the complaint asserts claims under 11 U.S.C. § 523 only, a motion to approve the compromise is not necessary. However, if desired, the parties may seek approval of the settlement by filing a motion in the adversary proceeding.

*Notes of Advisory Committee*

*2016*

This new rule incorporates the provisions of archived Administrative Order FLMB-2014-1 "Administrative Order Prescribing Procedures for Adversary Proceedings." In addition, section (f)(4) regarding pretrial disclosures is now consistent with Fed. R. Civ. P. 26(f). The rule also clarifies the requirement that motions in adversary proceedings be filed and served using the negative notice procedures of Local Rule 2002-4. This rule is effective July 1, 2016.

## CERTIFICATE OF SERVICE

I, Thomas A. Lash, Esq. certify that service of this summons, a copy of the complaint and a copy of Local Rule 7001-1 was made August 17, 2016, by:

    X    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

         Capital Accounts, LLC
         c/o Incorp Services, Inc.
         216 Centerview Dr., Ste. 317
         Brentwood, TN 37027-3226

    ☐    Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

    ☐    Residence Service: By leaving the process with the following adult at:

    ☐    Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

    ☐    Publication: The defendant was serviced as follows: [Describe briefly]

    ☐    State Law: The defendant was served pursuant to the laws of the State of _____ , as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the forgoing is true and correct.

Date _August 17, 2016_____    Signature _____[signature]_____

    Print Name:    _Thomas A. Lash, Esq._____

    Business Address:    _4950 W. Kennedy Blvd., Ste. 320____

                       _Tampa, FL 33609_____